UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Tisdell, et al.,

            Plaintiffs,            Court File No. 13-cv-2531 (PJS/LIB)

v.                 **REPORT AND RECOMMENDATION**

Crow Wing County, et al.,

            Defendants.

This matter came before the undersigned United States Magistrate Judge upon Defendants Crow Wing County, Crow Wing County Sheriff's Department, Deputy Chad Paulson, Crow Wing County Child Protective Services, Rockwell J. Wells, and Crow Wing County Child Support's Motion to Dismiss, [Docket No. 6], and Defendant Judge Maus's[1] Motion to Dismiss, [Docket No. 13]. The motions have been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1, for a report and recommendation. (Order Referring All Dispositive and Non-Dispositive Motions [Docket No. 4]). The Court held a motion hearing on January 30, 2014, and the Court took the parties' motions under advisement. For reasons discussed herein, the Court recommends that the Crow Wing County Defendants' Motion to Dismiss, [Docket No. 6], be **GRANTED**, and that Defendant Judge Maus's Motion to Dismiss, [Docket No. 13], be **GRANTED**.

**I.    STATEMENT OF FACTS**

Plaintiffs Brian and Tammy Tisdell, pro se, seek declaratory judgment, injunctive relief, and damages as a result of the alleged deprivation of Plaintiffs' constitutional rights. Plaintiffs

---

[1] Captioned "Maas" but spelled "Maus" in the motion submissions.

generally allege their claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, and 1992.[2] (Compl. [Docket No. 1], ¶ 1).

The present suit appears to arise from an underlying state court Child in Need of Protection or Services ("CHIPS") action and the circumstances giving rise to the CHIPS action (although the Complaint fails to provide a factual context for Plaintiffs' allegations). Plaintiffs allege that Defendant Crow Wing County Deputy Chad Paulson, acting under color of law, (1) allowed minor children JBT and GLT to be taken, presumably from Plaintiffs and presumably by Child Protective Services, (2) stated that it was not his job to review court orders, (3) allowed minor children to be taken in violation of a court order, and (4) threatened Plaintiff Tammy Tisdell with jail time if she did not allow the minor children to be taken from her care. (Id. ¶¶ 6-9).

Plaintiffs allege that Defendant Crow Wing County employee Linnea Ames, acting under color of law, (1) took the minor children in violation of court order, and (2) took the minor children against the wishes of their custodial parent. (Id. ¶¶ 10-11).[3]

Plaintiffs allege that Defendant Crow Wing County Child Support (1) allowed Sara Janowiak (aka Sara Ames) to fail to pay child support for over a year when she was under a court order to do so, (2) took no action to inform Sara Janowiak's social worker or the court that she quit her job after child support was taken from her paycheck, (3) allowed Sara Janowiak to avoid paying proper support to her two eldest children because she was paying child support for her

---

[2] The Court liberally construes Plaintiffs' Complaint as alleging claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Nothing in Plaintiffs' Complaint implicates or provides for any cause of action pursuant to §§ 1981 (Equal Rights Under the Law), 1987 (Prosecution of Violation of Certain Laws), 1988 (Proceedings in Vindication of Civil Rights), and 1992 (Speedy Trial).

[3] Counsel for the Crow Wing County Defendants has explicitly represented that they do not represent Defendant Ames in the present action and that their pending Motion to Dismiss, [Docket No. 6], is not on behalf of Defendant Ames. (Letter to Magistrate Judge [Docket No. 20]). Defendant Ames has yet to appear in the present case. Defendant Ames waived service on October 10, 2013, and, accordingly, her answer or other response to Plaintiffs' Complaint was due December 9, 2013. (Waiver of Service [Docket No. 31], filed with the Court February 4, 2014).

two younger children, and (4) failed to enforce child support payments by Sara Janowiak for JBT and GLT for nine months. (Id. ¶¶ 12-15).

Plaintiffs allege that Defendant Crow Wing County Child Protective Services employee Rockwell J. Wells represented Social Services at a hearing without knowledge of the history concerning child support payments. (Id. ¶ 16).

Plaintiffs allege that Defendant Judge Maus (1) allowed a non-attorney to "represent as counsel" in his courtroom, (2) allowed an individual not a party to the action to speak but denied the Plaintiff the opportunity to present his case, (3) allowed a hearing regarding visitation rights to come before the court prior to two years and without cause demonstrating that visits had been denied or that there was a risk to harm to the children, and (4) disregarded the ruling of the Honorable Judge DeMay without reading the entire file. (Id. ¶¶ 17-20).

Plaintiffs' Complaint also alleges that Greg Lange (not formerly captioned, served, or joined in the present action) (1) took a case back to the court without cause showing that visits were denied or that there was risk of harm to the children, and (2) failed to notify Crow Wing County Social Services that his client was bringing an action before the court when the client was under a court order to notify Social Services of such action. (Id. ¶¶ 21-22).

## II.   THE CROW WING COUNTY DEFENDANTS' MOTION TO DISMISS, [DOCKET NO. 6]

Defendants Crow Wing County, Crow Wing County Sheriff's Department, Deputy Chad Paulson, Crow Wing County Child Protective Services, Rockwell J. Wells, and Crow Wing County Child Support ("Crow Wing County Defendants" or "County Defendants") move the Court for an order dismissing Plaintiffs' Complaint against them, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. to Dismiss [Docket No. 6]).

A.     **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint articulate only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, "[courts] look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)), cert. denied 525 U.S. 1178 (1999). All reasonable inferences must be drawn in favor of the nonmoving party.  See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 556-67. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See id. at 679-81. The moving party must "plead[ ] factual content that allows the

4

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09-cv-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 556 U.S. at 678).

"Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted). See, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

**B.  Analysis**

**1.  Plaintiffs fail to state a claim upon which relief may be granted against the Crow Wing County Sheriff's Department.**

Plaintiffs cannot sustain their claims against the Crow Wing County Sheriff's Department because the Sheriff's Department is not subject to suit in federal court. "A local governmental entity, such as a county sheriff's department, which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions Federal Rule of Civil Procedure 17." Catlett v. Jefferson Cnty., 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (citing Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992)). The Court therefore looks to applicable

Minnesota state law to determine whether the Crow Wing County Sheriff's Department is subject to suit.

"Although the capacity of a sheriff's department to be sued must ultimately be determined by state law, most courts that have considered the issue have found that a sheriff's department, (like a police department), cannot be sued as such." Polta v. City of St. Paul Police Dep't, No. 06-cv-1014 (PAM/AJB), 2006 WL 1174210, at *2 (D. Minn. May 1, 2006) (internal citations omitted). This District has held that a Minnesota sheriff's department is not a suable entity separate from its city and/or county: "[Sheriff's] departments or offices are not legal entities subject to suit; therefore, the claims against them must be dismissed." In re Scott Cnty. Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987), aff'd sub nom. Myers v. Scott Cnty., 868 F.2d 1017 (8th Cir. 1989). Under Minnesota state law, cities and counties are municipal entities subject to suit, while their sheriff's departments and other police divisions are not:

> [w]hile a municipal corporation such as the city [or a county] has the authority to sue and be sued, its departments have not been given that specific authority. See Minn. Stat. §§ 412.111 (2002) (under chapter governing statutory cities, city council is granted authority to create departments and appoint officers and agents as deemed necessary for proper management and operation of city affairs), 412.211 (2002) (requiring every city to be municipal corporation having certain powers and rights, including right to "sue and be sued"). As a department or agent of the city, the police department is not a legal entity subject to suit. Maras v. City of Brainerd, 502 N.W.2d 69, 79 (Minn. Ct. App. 1993) (holding that because Crow Wing County Sheriff's Department is not "person" subject to suit, claims against it must be dismissed), review denied (Minn. Aug. 16, 1993).

Hyatt v. Anoka Police Dep't, 700 N.W.2d 502, 505-06 (Minn. Ct. App. 2005); see also Franco v. Grant, No. 09-cv-552 (JRT/SRN), 2010 WL 653855, at *6 (D. Minn. Feb. 22, 2010) (holding county sheriff departments are not legal entities subject to suit separate from the county itself).

Because sheriff's departments are not legal entities subject to suit, the Court recommends that Plaintiffs' Complaint as alleged against the Crow Wing County Sheriff's Department be dismissed with prejudice.

### 2. Plaintiffs fail to state a claim upon which relief may be granted against individual County Defendants Paulson, Ames, and Wells.

With regard to the individually-named County defendants – namely, Defendants Paulson, Ames, and Wells – Plaintiffs' Complaint fails to identify the capacity in which Plaintiffs sue the individual Defendants. As a result, the Court must infer that Plaintiffs sue the individual Defendants in their <u>official</u> capacities:

> Where a claim is brought against a municipal official under § 1983, the plaintiff must allege whether the claim proceeds against that person in an individual or an official capacity. If no capacity is stated, the claim is deemed to be against the person in an <u>official capacity</u>, which in turn means that the suit is one against the employing municipality.

<u>Uland v. City of Winsted</u>, 570 F. Supp. 2d 1114, 1119-20 (D. Minn. 2008) (citing <u>Baker v. Chisom</u>, 501 F.3d 920, 924 (8th Cir. 2007); <u>Bankhead v. Knickrehm</u>, 360 F.3d 839, 844 (8th Cir. 2004)). As a direct result, Plaintiffs' claims against individual Defendants Paulson, Ames,[4] and Wells in their official capacities are evaluated as claims against the employing municipality, Crow Wing County.[5]

In <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, the United States Supreme Court held that a municipality is subject to liability pursuant to 42 U.S.C. § 1983 only when the alleged violation of the plaintiff's federally protected right can be attributed to the enforcement of a

---

[4] Although the County Defendants' Motion to Dismiss, [Docket No. 6], is not brought on behalf of Defendant Ames, the Court, <u>sua sponte</u>, recommends Plaintiffs' claims against Defendant Ames in her official capacity be dismissed for the same reasons that the Undersigned recommends dismissing Plaintiffs' claims against Defendants Paulson and Wells in their official capacities, <u>infra</u>. Additionally, as Plaintiffs' Complaint does not specifically allege any claims against Defendant Ames in her individual capacity, the Court recommends that Plaintiffs' Complaint as alleged against Defendant Ames be dismissed in its entirety.

[5] Even construing Plaintiffs' Complaint liberally, nothing in the Complaint suggests that Plaintiffs intend to sue Defendants Paulson, Ames, and Wells in their individual capacities.

7

municipal custom or policy. 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Municipalities cannot be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Anderson v. City of Hopkins, 805 F. Supp. 2d 712, 722-23 (D. Minn. 2011) (citing Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003) (internal citations omitted); Sitzes v. City of W. Memphis Ark., 606 F.3d 461, 470 (8th Cir. 2010) (without any underlying constitutional violation, a plaintiff cannot maintain a claim against a local government)).

Accordingly, to survive a 12(b)(6) motion to dismiss on a Section 1983 Monell claim as alleged against a government entity, a plaintiff must offer facts sufficient to implicate (1) the existence of a municipal custom or policy (2) that is the "moving force" behind a constitutional violation. Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees – it may only be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom. Id.; see also Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998); Board of Comm'rs v. Brown, 520 U.S. 397, 400 (1997) (holding that only "deliberate" action by a municipality can meet the "moving force" requirement).

The Eighth Circuit does not use the terms "custom" and "policy" interchangeably when engaging in a Monell analysis. Rather, "a 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler, 165 F.3d at 1204 (citing Ware v. Jackson County, 150 F.3d 873, 880 (8th

Cir. 1998) (internal citations omitted)). A municipal custom to which constitutional violations may be attributed, on the other hand, requires proof of three elements:

1) The existence of a continuing, persistent, widespread pattern of unconstitutional misconduct by the County's employees
2) Deliberate indifference to or authorization of unconstitutional conduct by the County's policymaking officials after notice to the officials of the purported misconduct; and
3) That Plaintiff was injured by acts pursuant to such policy (the "moving force" behind the constitutional violations).

Mettler, 165 F.3d at 1204 (internal citations omitted).

Plaintiffs have failed to identify, either expressly or implicitly, either a municipal policy or custom to which Plaintiffs' alleged constitutional violations may be attributed. Even construing Plaintiffs' factual allegations liberally, nothing in Plaintiffs' Complaint remotely identifies or implicates a County "official policy" involved in the alleged deprivation of Plaintiffs' rights, nor do Plaintiffs allege a custom or "widespread pattern of unconstitutional misconduct."

In light of the fact that Plaintiffs' Complaint is devoid of factual allegations sufficient to implicate the existence of a municipal custom or policy to which the alleged constitutional violations[6] may be attributed, Plaintiffs have failed to state a Monell claim upon which relief may be granted. As a result, Plaintiffs' claims against Defendants Paulson, Ames, and Wells in their official capacities necessarily fail. The Court recommends Plaintiffs' Complaint as alleged against the individual County Defendants be dismissed.[7]

---

[6] Plaintiffs fail to clearly allege specific constitutional violations attributable to the County Defendants; however, arguendo, the Court construes Plaintiffs' Complaint as generally alleging due process violations.

[7] The Court recommends that this dismissal pursuant to Rule 12(b)(6) be without prejudice. See CNH America LLC v. Int'l Union, 645 F.3d 785, 795 (6th Cir. 2011) (explaining that "[o]rdinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects . . . [b]ut if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice."); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment. A district court's failure to

### 3. Plaintiffs fail to state a claim upon which relief may be granted against the remaining County municipal entities: Crow Wing County, Crow Wing County Child Protective Services, and Crow Wing County Child Support.

As articulated above, a municipal entity is subject to liability pursuant to 42 U.S.C. § 1983 only when the alleged violation of the plaintiff's federally protected right can be attributed to the enforcement of a municipal custom or policy. Monell, 436 U.S. 658, 694 (1978). For the same reasons articulate above, Plaintiffs' Complaint fails to state a Section 1983 claim upon which relief may be granted against the Crow Wing County entities because the Complaint fails to implicate the existence of a municipal custom or policy to which the alleged constitutional violations may be attributed. Accordingly, the Court recommends Plaintiffs' Complaint as alleged against Crow Wing County, Crow Wing County Child Protective Services, and Crow Wing County Child Support be dismissed without prejudice.[8]

### 4. Plaintiffs' "Claims" Pursuant to Sections 1985 and 1986

In addition to alleging claims pursuant to Section 1983, Plaintiffs' Complaint purports to allege claims pursuant to 42 U.S.C. §§ 1985, Conspiracy to Interfere with Civil Rights, and 1986, Action for Neglect to Prevent. See footnote 2, supra. However, as articulated in the previous sections, Plaintiffs have failed to sufficiently allege any underlying constitutional tort for which the County Defendants may be held liable. "Civil conspiracy requires an agreement to participate in unlawful activity and an overt act that causes injury, so it does not set forth an independent cause of action, but rather is sustainable only after an underlying tort claim has been established." K & S Partnership v. Continental Bank, N.A., 952 F.2d 971, 980 (8th Cir. 1991)

---

consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." ); Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) (holding that "the district court should not have dismissed the complaint with prejudice without permitting [the plaintiff] an opportunity to amend," and explaining that "[t]he better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.").

[8] See footnote 7, supra.

(internal quotation and citation omitted). Plaintiffs cannot demonstrate that they suffered a constitutional harm as a result of Defendants' alleged agreement and action if they cannot demonstrate that they in fact suffered any constitutional harm for which the County Defendants may be held liable.

Regardless of whether Plaintiffs are able to successfully plead any individual constitutional violations under Section 1983, Plaintiffs fail to allege any facts that would support a claim that the County Defendants conspired. Plaintiffs identify no facts in their Complaint that would lead the Court to plausibly conclude that any hint of conspiracy existed. The Court is "mindful that 'conspiracies are by their nature usually clandestine. It is unlikely that a plaintiff in a conspiracy case will be able to provide direct evidence of a conspiratorial agreement. Thus, such evidence is not necessary to prove that a civil conspiracy existed.'" White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981) (quoting Sparkman v. McFarlin, 601 F.2d 261, 278 n.19 (7th Cir. 1979) (en banc) (Swygert, J., dissenting)). However, even though a plaintiff need not provide direct evidence of a conspiracy, he still must assert some evidence, including the entities involved, the nature of the conspiracy, and identification of the overt act implicating the conspiracy.[9] Here, Plaintiff has alleged no specific facts that would support a Section 1985 conspiracy claim.

---

[9] For example, in White, the plaintiff alleged that a state court judge, a prosecutor, and his own defense counsel conspired together to have him removed from the courtroom during jury selection for his trial. White's complaint stated that he instructed his attorney that he wished to be present during all aspects of his trial, including jury selection. Nonetheless, the judge allowed White to be removed from the courtroom and placed in a holding cell during jury selection, without providing any reason in the record for doing so. When White was returned to the courtroom, an all-white jury had been seated. White both objected to the all-white jury and requested that he be appointed a new attorney; the trial court refused to alter the jury, and denied White's request for new counsel 649 F.2d at 652. The Court of Appeals concluded, based on the plaintiff's complaint, that he "state[d] sufficient facts to give rise to the inference that there was . . . a meeting of the minds[, and a]coordingly, the district court erred by dismissing White's complaint for lack of specificity. Id.

Because Section 1986 is directly dependent on the assertion of a Section 1985 conspiracy claim, so, too, do Plaintiffs fail to allege any claims pursuant to Section 1986.[10]

### III. DEFENDANT JUDGE MAUS'S MOTION TO DISMISS, [DOCKET NO. 13]

Defendant Judge Maus moves the Court for an order dismissing Plaintiffs' Complaint against him, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Def. Maus's Mot. to Dismiss [Docket No. 13]).

#### A. Standard of Review

##### 1. Failure to State a Claim – 12(b)(6)

The Court refers to the standard of review articulated in Section II.A, supra.

##### 2. Lack of Subject Matter Jurisdiction – 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may challenge the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, courts may consider matters outside of the

---

[10] 42 U.S.C.A. § 1986 provides:

> Every person who, having knowledge that any of the wrongs **conspired** to be done, and mentioned in **section 1985** of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

(emphasis added).

pleadings, and no presumptive truthfulness attaches to the plaintiff's factual allegations. Osborn, 918 F.2d at 729-30, n.6.

### B. Plaintiffs fail to state a claim upon which relief may be granted against Judge Maus.

As with Defendants Paulson, Ames, and Wells, Plaintiffs' Complaint does not specify the capacity in which they sue Judge Maus, be it official or individual. As a result, the Court must infer that Plaintiffs allege claims against Judge Maus in his official capacity. See Uland, 570 F. Supp. 2d at 1119-20.

The Eleventh Amendment prohibits an action for damages against a state unless it has unequivocally consented to suit or Congress has abrogated the states' immunity for a particular federal cause of action. Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996) (citations omitted); Faibisch v. University of Minnesota, 304 F.3d 797, 800 (8th Cir. 2002). States are entitled to Eleventh Amendment immunity for claims brought under Section 1983. Hadley, 76 F.3d at 1438 ("Section 1983 does not override Eleventh Amendment immunity."). A suit against a public employee in that person's "official capacity" is merely a suit against the public employer. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

As an employee of the Minnesota Judicial Branch, Judge Maus is a state official, and Plaintiffs' official-capacity claims are claims against the state. In the absence in the record before the Court of any authority demonstrating either the state's consent to suit or Congressional abrogation of the state's sovereign immunity, the Court recommends that Plaintiffs' Complaint as alleged against Defendant Maus in his official capacity be dismissed with prejudice.

Additionally, any individual capacity claims Plaintiffs may purport to allege against Defendant Maus are barred by absolute judicial immunity. "It is well settled, under both federal

and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions." Nazario v. Quaintance, No. 12-cv-554 (JRT/AJB), 2012 WL 3612098 (D. Minn. Aug. 3, 2012) (Boylan, M.J.), adopted by 2012 WL 3612063 (D. Minn. Aug. 22, 2012). A claim against a judge can survive only where the judge is presiding "in the absence of all subject matter jurisdiction." Id. (internal citations omitted).

Plaintiffs have asserted no facts at all that would indicate that the Judge Maus acted "in the absence of all subject matter jurisdiction" – rather, by all appearances, Plaintiffs merely disagree with the Judge's decisions. The Complaint indicates that Judge Maus was merely administering his duties pursuant to the state court's general jurisdiction over CHIPS proceedings. Plaintiffs' Complaint implicates Judge Maus's actions in (1) holding a hearing, (2) courtroom management activities, such as when and which parties or individuals may address and present evidence to the court, and (3) issuance of findings, orders, and rulings, each of which constitute judicial action protected by judicial immunity. Accordingly, the Court recommends Plaintiffs' Complaint as alleged against Judge Maus, whether in his official or individual capacity, be dismissed with prejudice.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Crow Wing County, Crow Wing County Sheriff's Department, Deputy Chad Paulson, Crow Wing County Child Protective Services, Rockwell J. Wells, and Crow Wing County Child Support's Motion to Dismiss, [Docket No. 6], be **GRANTED in its**

**entirety**, and that all of Plaintiffs' claims against the Crow Wing County Defendants be **DISMISSED** as follows:

   a. Against the Crow Wing County Sheriff's Department **with prejudice**;

   b. Against Defendants Paulson and Wells **without prejudice**; and

   c. Against Crow Wing County, Crow Wing County Child Protective Services, and Crow Wing County Child Support **without prejudice**.

2. Plaintiffs' claims against Defendant Ames be **DISMISSED without prejudice**, as set forth above; and

3. Defendant Judge Maus's Motion to Dismiss, [Docket No. 13], be **GRANTED**, and that all of Plaintiffs' claims against Judge Maus be **DISMISSED with prejudice**, as set forth above.

Dated: April 10, 2014                               s/Leo I. Brisbois
                                                    The Honorable Leo I. Brisbois
                                                    United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 24, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **within fourteen (14) days of service thereof, and in no event later than May 8, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.